On respondent-cross appellant's petition for reconsideration
filed June 20, former opinion, as modified,
adhered to July 16, reconsideration allowed July 10, 1979

In The Matter Of The Marriage Of
KERLEE,
*Appellant - Cross-Respondent,*
*and*
KERLEE,
*Respondent - Cross-Appellant.*

(No. 33041, CA 11916)

596 P2d 1331

Todd G. Brown and McClain & Brown, Corvallis,
for petition.

BUTTLER, J.

**BUTTLER, J.**

In her petition for reconsideration, wife contends that we placed too low a value on the home, which was built on land owned by husband's parents. We used the tax assessor's valuation, which is for the house without any land, well or septic tank. It is true, as wife points out, that there were three appraisals, submitted in writing pursuant to the trial court's request: one by husband, and two by wife. The appraisals were not made on the same basis, in that differing quantities of land were used, and improvements in addition to the land were not consistently grouped.

Be that as it may, we conclude that wife is correct in stating that we undervalued the house with no land by using the tax appraisal of $32,650. The trial judge valued the house with a "reasonable amount of land," and with the well, septic tank and driveway, at $65,000. Because we concluded that the record did not permit a valuation which included land, etc., we reduced the value to that determined by the assessor.

The record does not disclose whether any of the appraisers took into account the fact that if the house were sold the buyer would be required to move it from husband's parents' land. We assume they did not, and therefore cannot justify taking any of them at face value. Of the wife's two appraisals, the one coming closer to placing a value on the house with no land, etc., puts the value at $52,700. Husband's appraiser agreed that the value was greater than the tax appraisal. All things considered, we conclude that $47,500 would be a fair valuation.

Accordingly, we modify our opinion to provide that the property division provided for in the trial court decree be modified by reducing wife's judgment against husband to $23,750, to be paid within two years from the date of the original decree with interest.

Petition for reconsideration granted. Former opinion adhered to, except as modified herein.